IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| David M. Scates, ) | |
| ) | C/A No. 6:15-2904-MBS-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| John Doe, Jane Doe, Federal Bureau of, ) | |
| Prisons, Case Manager K. Craddock, J ) | |
| Duranko, Warden Terry Obrien, Warden ) | |
| Ann Mary Carter, M. Veltri, D. Crickard, ) | |
| Unit Manager David Sweeny, SIS Tech Jim ) | |
| Ervin, and United States of America, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff David M. Scates ("Plaintiff"), proceeding *pro se*, brought this action against John Doe; Jane Doe; the Federal Bureau of Prisons; Kenneth Craddock, former Case Manager at FCC Hazelton; Jeffery Duranko, former Special Investigative Services Technician at FCI Morgantown; Terry O'Brien, Warden at FCC Hazelton; Anne Mary Carter, former Warden at FCI Morgantown; Marilyn Vetri, Case Management Coordinator at FCI Morgantown; David Crickard, former Executive Assistant/Camp Administrator at FCI Estill; David Sweeney, Unit Manager at FCC Hazelton; and James Ervin, SIS Technician at FCC Hazelton ("Defendants"). Plaintiff alleges that Defendants committed constitutional and tort violations by preventing Plaintiff from making a media publication under a "byline" and by forging documents. ECF No. 1. Plaintiff seeks relief under the Federal Tort Claims Act and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which permits a plaintiff to bring cause of action against federal officials for the violation of federal constitutional rights.

This matter is before the court on four pending motions: Defendants' Motion to Transfer All

Defendants Except D. Crickard or, Alternatively, Dismiss All Defendants; Plaintiff's Motion for Default Judgment as to John Doe; Plaintiff's Motion for Default Judgment as to David Crickard; and Plaintiff's Motion to Amend Complaint. ECF Nos. 27, 31, 39 and 51. In accordance with 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Kevin F. McDonald for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on May 6, 2016, recommending that the court partially grant Defendants' Motion to Transfer as to Defendants Craddock, Duranko, O'Brien, Carter, Veltri, Sweeney, Ervin, and the United States of America. ECF No. 59. As for the remaining Defendants, Crickard, the Bureau of Prisons, John Doe, and Jane Does, the Magistrate Judge recommended that they be dismissed. *Id.* The Magistrate Judge also recommended that both of Plaintiff's Motions for Default Judgment be dismissed and Plaintiff's Motion to Amend be denied. *Id.*

Plaintiff filed objections to the Report and Recommendation on May 18, 2016. ECF No. 62. However, in addition to his objections, Plaintiff requested that the court dismiss this action:

> The relief that Plaintiff sought has therefore already been granted by the Bureau of Prisons . . . . For these reasons, Plaintiff request [sic] that this Court grant permission for this Plaintiff to Voluntarily Dismiss this action on terms this Court considers proper.

*Id.* at 4.

The court has construed this language to be a request for voluntary dismissal by court order under Fed. R. Civ. P. 41(a)(2). Upon receiving such a request, the court may dismiss an action "on terms that the court considers proper." *Id.* Rule 41 sets out an additional provision regarding counterclaims, but this provision is inapplicable given that Defendants have asserted no counterclaims.

Given that the Magistrate Judge made his recommendation prior to Plaintiff's request for a voluntary dismissal, the court may now accept, reject, or modify, in whole or in part, this recommendation. *See* 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court must therefore consider Plaintiff's request and the new information he provides: Plaintiff avers that he "received all of the relief he requested in this instant action, **prior** to the Magistrate's May 6, 2016 findings." ECF No. 62 at 3 (emphasis in original). Plaintiff sets forth the following developments:

> [W]hile Defendant Crickard had been transferred to another facility within the BOP, the staff at Estill, by and through the Consolidated Legal Center, conceded to provide each of the items that Plaintiff sought in this instant action. Estill provisions included, yet were not limited to, provision of all administrative remedies filed by Plaintiff while at Estill, including copouts [sic] and exhibits; Administrative Remedy Indexes from January 2010 through January 2016 of the Estill field level; Regional level and Central Office; Estill changed **all** A & O Handbooks to remove the prohibition against publishing under a byline and the National Program Statement, News Media Contacts, 1440.80, was also changed to remove the prohibition against publishing under a byline; Estill staff also agreed to remove any prohibition against this Plaintiff from discussing his case with anyone and publishing such under a byline.

*Id.* at 3-4 (emphasis in original).

In light of these recent developments, it appears that there is no longer an Article III case or controversy for the court to address. *See Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) ("To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision."). Therefore, the court declines to adopt the Report and Recommendation of the Magistrate Judge, and pursuant to Fed. R. Civ. P. 41(a)(2),

3

the action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

                                                 s/ Margaret B. Seymour
                                                 MARGARET B. SEYMOUR
                                                 Senior United States District Court Judge

July 13, 2016
Columbia, South Carolina