```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                          CLARKSBURG
```

**DAVID M. SCATES,**

      Plaintiff,

v.                                  Civ. Action No. 1:17-cv-22
                                           (Judge Kleeh)

**K. CRADDOCK;**
**J. DURANKO, SIS**
**Tech. FCI Morgantown;**
**WARDEN TERRY O'BRIEN, Hazelton**
**SPC; ANN MARY CARTER, FCI**
**Morgantown; M. VELTRI,**
**CMC Morgantown;**
**UNIT MANAGER DAVID SWEENY,**
**Hazelton SPC; SIS TECH JIM**
**ERVIN; UNITED STATES OF**
**AMERICA; CHARLES SAMUEL,**
**Director BOP; THOMAS KANE,**
**Interim Director BOP;**
**BRANDON FLOWER, Assistant**
**United States Attorney;**
**IAN CONNERS, National**
**Administrator Administrative**
**Remedy; and HARRELL WATTS,**
**National Administrator**
**Administrative Remedy,**

      Defendants.

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VOID REPORT AND RECOMMENDATION [ECF NO. 138], ADOPTING REPORT AND RECOMMENDATION [ECF NO. 137], AND GRANTING MOTION TO DISMISS [ECF NO. 126]**

Pending before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge Robert W. Trumble, recommending dismissal of this action with prejudice. The R&R provided that the parties had fourteen (14) days to object to it.

**SCATES V. DOE** 1:17-CV-22

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VOID REPORT AND
RECOMMENDATION [ECF NO. 138], ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 137], AND GRANTING MOTION TO DISMISS [ECF NO. 126]**

ECF No. 137 at 30–31. If further specified that "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Id. at 31. To date, no objections have been filed. For the reasons discussed below, the Court adopts the R&R.

## I.   PROCEDURAL HISTORY

On February 17, 2017, this action was transferred to the Northern District of West Virginia. ECF No. 76. Currently before the Court are an Amended Bivens[1] Complaint and an Amended Federal Tort Claims Act ("FTCA") Complaint, both filed on June 5, 2017. See ECF Nos. 94, 95. On May 24, 2018, following a preliminary review of the Complaints, Judge Trumble concluded that summary dismissal was not appropriate and entered an Order to Answer or Otherwise Plead. ECF No. 98.

On September 27, 2018, Defendants filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment. ECF No. 126. Judge Trumble entered an Order and Roseboro Notice on September 28, 2018 (the "Original Roseboro"). ECF No. 127. On October 23, 2018, Plaintiff filed a Response, styled as a Reply, to Defendants' motion. ECF No. 132. Despite Plaintiff's filing a Response, the

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VOID REPORT AND RECOMMENDATION [ECF NO. 138], ADOPTING REPORT AND RECOMMENDATION [ECF NO. 137], AND GRANTING MOTION TO DISMISS [ECF NO. 126]**

Original Roseboro was returned as unclaimed. See ECF No. 134. On March 28, 2019, Judge Trumble entered another Order and Roseboro Notice for the same motion (the "Second Roseboro"). ECF No. 136. The docket does not reflect any information about Plaintiff's receipt — or lack thereof — of the Second Roseboro. Judge Trumble entered the R&R recommending dismissal on July 26, 2019. ECF No. 137. On August 12, 2019, Plaintiff moved to void the R&R for failure to provide a Roseboro notice. ECF No. 138.

## II. DISCUSSION

### A. Plaintiff's Motion to Void Magistrate's Report and Recommendation for Failure to Provide Roseboro

On August 12, 2019, Plaintiff filed a Motion to Void Magistrate's Report and Recommendation for Failure to Provide Roseboro. Plaintiff states that he never received the R&R as is required. He says that his 14-day window to object begins after "service" and that service has not been effectuated. Plaintiff cites receiving a notice of a package being delivered to his home (contents unknown to him) and receiving a "sorry we missed you" notice. The notice also stated that the mail would be returned to sender on Saturday, August 17, 2019. Plaintiff writes that he is unavailable for pick up service and that the Post Office is required to deliver his mail to him. He also says that he never received a Roseboro Notice that was issued on or about September

**SCATES V. DOE**                                              1:17-CV-22

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VOID REPORT AND RECOMMENDATION [ECF NO. 138], ADOPTING REPORT AND RECOMMENDATION [ECF NO. 137], AND GRANTING MOTION TO DISMISS [ECF NO. 126]**

28, 2018. Plaintiff asserts that if the Roseboro Notice was required, the R&R is void.

The certified mail receipt for the R&R (ECF No. 137-1) indicates that the R&R was mailed to David Scates at 1901 Rogers Street, Richmond, VA 23223. The United States Postal Service ("USPS") tracking website[2] indicates that there was a notice of delivery left at Plaintiff's home on August 2, 2019, at 4:13 p.m. On August 16, 2019, the package was marked "Unclaimed/Being Returned to Sender."

The certified mail receipt for the Original Roseboro (ECF No. 127-1) indicates, again, that the document was sent to 1901 Rogers Street, Richmond, VA 23223. The USPS tracking website[3] indicates that a notice was left at Plaintiff's unit on October 2, 2018, at 2:53 p.m. On November 9, 2018, the package was marked "Unclaimed/Being Returned to Sender." Thus, it seems the same issue exists for both filings.

The certified mail receipt for the Second Roseboro (ECF No. 136-1) indicates, again, that the document was sent to 1901 Rogers Street, Richmond, VA 23223. The USPS tracking website's[4] last

---

[2] The USPS tracking number for the R&R is 7018 1130 0002 3317 2180.
[3] The USPS tracking number for the Original Roseboro is 7018 0040 0000 2272 4201.
[4] The USPS tracking number for the Second Roseboro is 7018 2290 0001 5222 5590.

SCATES V. DOE                                                      1:17-CV-22

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VOID REPORT AND
RECOMMENDATION [ECF NO. 138], ADOPTING REPORT AND RECOMMENDATION
  [ECF NO. 137], AND GRANTING MOTION TO DISMISS [ECF NO. 126]**

updates for this package are "Out for Delivery" on April 1, 2019, at 11:36 a.m., and "Awaiting Delivery Scan" on April 2, 2019, at 1:36 a.m. Nothing on the docket reflects an update as to this package.

All records indicate that Plaintiff still lives at the address reflected on the docket and reflected in the certified mail receipts: 1901 Rogers Street, Richmond, VA 23223.[5] Further, Plaintiff has previously filed documents with the Court from that address, including his motion to void the R&R. See ECF Nos. 129-1, 132-1, 138-1. Importantly, he has accepted service of Court documents via certified mail at that address in the past, so he is familiar with the certified mail process. See ECF No. 133. Plaintiff knows that documents from the Court reach him via certified mail. According to the USPS website, notices for both the Original Roseboro and the R&R were left at Plaintiff's home. The notices provided that he was to pick up his mail, or it would be returned to sender. Plaintiff's failure to pick up his mail does not excuse his failure to respond to the R&R. The Court,

---

[5] Plaintiff has not argued that his address has changed. Plaintiff was advised via the Notice docketed at ECF No. 77 that he is to "[k]eep the Court and opposing counsel, if any, advised of [his] most current address at all times" and that "[f]ailure to do so may result in [his] action being dismissed without prejudice."

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VOID REPORT AND RECOMMENDATION [ECF NO. 138], ADOPTING REPORT AND RECOMMENDATION [ECF NO. 137], AND GRANTING MOTION TO DISMISS [ECF NO. 126]**

therefore, **DENIES** Plaintiff's Motion to Void the Magistrate's Report and Recommendation [ECF No. 138].

    **B.**    **Report and Recommendation**

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the [parties do] not object." Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has filed objections, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. Upon careful review of the R&R, and finding no clear error, the Court **ORDERS** the following:

    (1)    the Motion to Void Magistrate's Report and Recommendation for Failure to Provide Roseboro is **DENIED** [ECF No. 138];

    (2)    the R&R is **ADOPTED** [ECF No. 137];

    (3)    the Motion to Dismiss is **GRANTED** [ECF No. 126]; and

    (4)    this action is **DISMISSED WITH PREJUDICE**

SCATES V. DOE                                              1:17-CV-22

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VOID REPORT AND RECOMMENDATION [ECF NO. 138], ADOPTING REPORT AND RECOMMENDATION [ECF NO. 137], AND GRANTING MOTION TO DISMISS [ECF NO. 126]**

and **STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and to the pro se Plaintiff, via certified mail, return receipt requested.

DATED: September 5, 2019

*[signature: Tom S Kleeh]*

THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE